IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02134-GPG

AARON IVAN JORDAN,

      Plaintiff,

v.

CHARLES KEYS, Neighborhood Services,
JAY VANKAM, Aurora P.D.,
DIANNA COOLEY, Aurora P.D., and
DENNIS HOUCH, H.O.A. President,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT

---

Plaintiff, Aaron Ivan Jordan, resides in Aurora, Colorado.   He initiated this action on September 25, 2015, by filing a Complaint on the incorrect form.   In response to the Court's order directing him to cure deficiencies, Mr. Jordan filed a Complaint on the court-approved form ("Amended Complaint") (ECF No. 6), asserting deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.   Mr. Jordan has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Amended Complaint liberally because Plaintiff is representing himself.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as the *pro se* litigant's advocate.   *Hall*, 935 F.2d at 1110.   For the reasons stated below, Mr. Jordan will be directed to file a Second Amended Complaint.

## I.  The Amended Complaint

Mr. Jordan's Amended Complaint consists, in part, of a lengthy diatribe against Aurora police officers and his neighbors.   Notwithstanding, the Court discerns the following factual allegations that are relevant to his claims asserted against the named Defendants.   In approximately August 2014, Plaintiff was arrested by Defendant Aurora Police Officer Keys for "living in his garage."   (ECF No. 6 at 3).   According to Plaintiff, the charge was false because he did not permanently reside in his garage but only stayed there on occasion.   Mr. Jordan was ultimately convicted of a criminal offense as a result of an alleged conspiracy between Defendant Aurora Police Officers Keys, Vankam and Cooley, and Defendant HOA president Houch, to arrest and prosecute him without probable cause, in violation of Fourth Amendment rights. He further claims that Defendant Vankam has persecuted him arbitrarily, both before and after his conviction, by physically altering Plaintiff's property and by preventing Plaintiff from reporting any legal problems concerning his garage to an Aurora police officer other than himself.     Mr. Jordan states that Defendant Vankam refused to arrest Plaintiff's neighbor after the neighbor hit Plaintiff with a steal bat and broke his knee cap, permanently disabling him. Plaintiff claims that Defendant Vankam's arbitrary and discriminatory actions violate his Fourteenth Amendment rights.   And, finally, Mr. Jordan asserts that members of the Aurora police department have retaliated against him for filing civil lawsuits against the police force by: refusing to investigate his reports of criminal activity; failing to arrest the neighbor who assaulted Plaintiff; arresting Plaintiff for an assault that occurred during the perpetration of a hate crime against him; and, by interfering with Plaintiff's real property. Mr. Jordan seeks monetary relief.

2

## II.  Legal Analysis

### A.  Fourth Amendment claims

In his first claim, Mr. Jordan seeks damages for a wrongful arrest and prosecution, in violation of the Fourth Amendment.

#### 1.  Application of *Heck v. Humphrey*

Plaintiff alleges that he was convicted of a criminal charge arising from an unlawful arrest and prosecution.   He claims that he is innocent of the charge.   However, Mr. Jordan may not challenge his state criminal conviction in a § 1983 action, until the criminal conviction is over-turned.   *See Heck v. Humphrey*, 512 U.S. 477 (1994).   In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a plaintiff in a § 1983 action necessarily would imply the invalidity of the plaintiff's criminal conviction or sentence, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."   512 U.S. at 486-87.

Plaintiff does not allege any facts to show that his criminal conviction was dismissed, reversed on direct appeal, or otherwise vacated.   Consequently, a § 1983 malicious prosecution claim appears to be barred by *Heck*.   *See Callen v. Wyoming Dept. of Corrections*, No. 14-8057, 608 F. App'x 562, 563 (10th Cir. March 30, 2015) (unpublished) (agreeing with the district court that the plaintiff's § 1983 malicious prosecution claim was barred by *Heck*, where there was no indication that his conviction had been over-turned).   Moreover, even though a false arrest claim does not necessarily

imply the invalidity of a subsequent criminal conviction, *see Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 558 (10th Cir.1999), Mr. Jordan's allegation of innocence brings his claim within the purview of *Heck. See Crabtree v. Oklahoma*, No. 13-5153, 564 F. App'x 402, 404-05 (10th Cir. April 25, 2014) (unpublished) (affirming dismissal of false arrest claim under *Heck*) (citing *Jackson v. Loftis,* Nos. 05-5050 and 05-5225, 189 F. App'x. 775, 779 n. 1 (10th Cir. July 25, 2006) (unpublished) (suggesting, without holding, that a false arrest claim alleging "arrest was improper because [the prisoner] had not committed the alleged offenses . . . may be the exceptional false arrest case that satisfies the 'necessarily called into doubt' condition for invoking *Heck*").

Plaintiff is reminded that if he wishes to challenge the legality of his state law conviction, he may do so in a new proceeding under 28 U.S.C. § 2254, after exhausting available state court remedies.

## 2. Personal Participation

Even if the Fourth Amendment claim(s) is not barred by the rule of *Heck*, the Amended Complaint is deficient because Mr. Jordan does not allege facts to show how each named Defendant was personally involved in a deprivation of his constitutional rights.   *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.   *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) (citations and quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Moreover, to hold a private individual, such as Defendant Houch, liable under

4

§ 1983, Mr. Jordan must allege facts to show that the Defendant's conduct was "fairly attributable to the state."   *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal citations and quotation marks omitted).   Further, while state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id.* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

When a plaintiff seeks to prove state action based on a conspiracy theory, "a requirement of the joint action charge . . . is that both public and private actors share a common, unconstitutional goal." *See Anaya v. Crossroads Managed Care Systems*, 195 F.3d 584, 596 (10th Cir.1999).   Conclusory allegations of conspiracy are insufficient. *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir.1994) (citation and quotations omitted); *see also Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").   Mr. Jordan's conclusory allegation that Defendant Houch conspired with the Aurora police officer Defendants to deprive him of his Fourth Amendment rights is inadequate to state an arguable claim

5

under § 1983.

### 3.  Municipal Liability

Mr. Jordan states that he is suing the Aurora police officer Defendants in their official capacities.   The official capacity claims are construed as claims asserted against the City of Aurora.   *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

To hold the City of Aurora liable under § 1983, Plaintiff must allege facts to show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.   *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).   Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.   *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).   Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.   *See Monell*, 436 U.S. at 694.

The Amended Complaint does not include factual allegations sufficient to subject the City of Aurora to liability under § 1983.

### B.  Fourteenth Amendment Claim(s)

Mr. Jordan claims that Defendant Vankam's alleged arbitrary and discriminatory treatment violated Plaintiff's Fourteenth Amendment rights.

### 1.  Due Process

 "The Due Process clause of the Fourteenth Amendment does not prohibit the government from depriving an individual of "life, liberty, or property"; it protects against

governmental deprivations of life, liberty, or property "without due process of law." *Farthing v. City of Shawnee, Kan.,* 39 F.3d 1131, 1135 (10th Cir. 1994) (quoting U.S. Const. amend. XIV, § 1).

To the extent Mr. Jordan asserts that Defendant Vankam's conduct deprived him of a liberty interest, in violation of his substantive due process rights, the factual allegations in the Amended Complaint fall sort of stating an arguable constitutional deprivation.   The "ultimate" standard for determining whether there has been a substantive due process violation is "whether the challenged government action shocks the conscience of federal judges." *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002) (quotations and citations omitted). It is well settled that negligence is not sufficient to shock the conscience. *Id.* at 1184.   In addition, "'a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.'" *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir.1998) (quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir.1995)). The complained of misconduct by Defendant Vankam does not rise to the level of conscious-shocking behavior.

Mr. Jordan may also be asserting that Defendant Vankam's destruction of Plaintiff's real or personal property violated the Due Process Clause.   A state official's unpredictable or random and unauthorized deprivation of property does not violate the Fourteenth Amendment if the plaintiff had an adequate post-deprivation remedy, such as a state law tort claim.   *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).   Colorado law provides adequate

post-deprivation remedies, such as a cause of action for conversion or replevin.   *See*, *e.g.*, *City and County of Denver v. Desert Truck Sales*, *Inc.,* 837 P.2d 759 (Colo. 1992) (holding that replevin claim based on allegation that personally property was wrongfully detained by Denver police was a conversion-based tort claim); *see also* COLO.REV.STAT. § 24-10-118 (2013) (waiving sovereign immunity for public employees whose tortious conduct was wilful and wanton).   The allegations of the Amended Complaint fail to show an arguable deprivation of Mr. Jordan's due process rights based on Defendant Vankam's alleged interference with his property.

### 2.     Class-of-One Discrimination

Mr. Jordan's allegations of purposeful discrimination by Defendant Vankam could also be construed liberally as asserting a violation of the Fourteenth Amendment Equal Protection Clause.

The Equal Protection Clause requires that similarly situated individuals be treated alike.   *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).     Race is a suspect class entitled to heightened protection under the Equal Protection Clause. *See id.* at 440.   However, while Mr. Jordan alleges that he is an African-American, he does not allege facts to show that Defendant Vankam's objectionable conduct was directed at him because of his race.   Instead, Plaintiff's allegations are more properly construed as possibly asserting a "class of one" equal protection claim.

"'The paradigmatic 'class of one' case, [ ] sensibly conceived, is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a

hapless private citizen.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (quoting *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir.2005)). To state a class-of-one equal protection claim, Mr. Jordan must allege facts to show that other persons, who are "similarly situated in every material respect" were treated differently. *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1210 (10th Cir. 2006).    Plaintiff must also allege facts to demonstrate that the difference in treatment was without rational basis, that is, the government action was "irrational and abusive," *id.* at 1211, and "wholly unrelated to any legitimate state activity," *Mimics, Inc. v. Vill. of Angel Fire*, 394 F.3d 836, 849 (10th Cir. 2005).

If Mr. Jordan intends to pursue an equal protection claim, he must allege specific facts to show that he was treated differently than similarly situated individuals.

### C.   Unlawful Retaliation

Mr. Jordan asserts in his third claim for relief that the Defendant police officers retaliated against him for his prior civil rights complaints by: refusing to investigate his reports of criminal activity; failing to arrest the neighbor who assaulted Plaintiff; arresting Plaintiff for an assault that occurred during the perpetration of a hate crime against him; and, by cutting holes in the Plaintiff's garage.

To state a claim of unlawful retaliation by government officials in response to the exercise of Plaintiff's First Amendment right to petition the court for redress of grievances, Plaintiff must allege facts to show that    (1) he was engaged in a constitutionally protected activity; (2) a defendant's action caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and, (3) a defendant's action was substantially motivated as a response to his exercise of his First Amendment rights.

9

*Van Deelen v. Johnson*, 497 F.3d 1151, 1155-56 (10th Cir. 2007) (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)).

The allegations in the Amended Complaint do not include enough specific facts to demonstrate that one or more of the named Defendants were personally involved in unlawful retaliation against Mr. Jordan in response to his filing of prior civil rights lawsuits.

Mr. Jordan will be directed to file a Second Amended Complaint that cures the deficiencies noted above.   Plaintiff should exclude from his amended pleading the unnecessary sarcastic commentary that permeates the Amended Complaint.   To state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, a Second Amended Complaint that complies with the directives in this Order.   It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Plaintiff fails to file a Second Amended Complaint within the time allowed, this action will be dismissed without further notice.

DATED October 21, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge