THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02134-GPG

AARON IVAN JORDAN,

    Plaintiff,

v.

CHARLES KEYS, Neighborhood Services,
JAY VANKAM, Aurora P.D.,
DIANNA COOLEY, Aurora P.D., and
DENNIS HOUCK, H.O.A. President,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Aaron Ivan Jordan, resides in Aurora, Colorado. He initiated this action on September 25, 2015, by filing a Complaint on the incorrect form. In response to the Court's order directing him to cure deficiencies, Mr. Jordan filed a Complaint on the court-approved form ("Amended Complaint") (ECF No. 6), asserting deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Mr. Jordan has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On October 21, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Amended Complaint and determined that it was deficient because the Fourth Amendment claim(s) appeared to be barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 9). Further, Plaintiff failed to allege facts to show the personal participation of the Defendant police officers in a deprivation of his constitutional rights, failed to state facts to hold the City of Aurora liable under § 1983, and failed to allege facts

to show that the private Defendants engaged in unconstitutional state action with the government Defendants.  (*Id.*).   And, finally, Magistrate Judge Gallagher informed Mr. Jordan that his allegations failed to state arguable violations of his Fourteenth Amendment due process and equal protection rights, or an arguable claim of unconstitutional retaliation.  (*Id.*).   Magistrate Judge Gallagher ordered Mr. Jordan to file a Second Amended Complaint to cure the deficiencies within 30 days.  (*Id.*).   Plaintiff filed a Second Amended Complaint on November 18, 2015.   (ECF No. 11).

The Court must construe the Second Amended Complaint liberally because Plaintiff is representing himself.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as the *pro se* litigant's advocate.   *Hall*, 935 F.2d at 1110.   For the reasons stated below, this action will be dismissed.

## I.  The Second Amended Complaint

The Second Amended Complaint, like the Amended Complaint, contains a lengthy narrative of the alleged wrongs perpetrated against Plaintiff by his neighbors and members of his Homeowners' Association, as well as by several Aurora police officers,, most of whom are not named as Defendants in the Second Amended Complaint.   Only allegations against named Defendants will be considered by the Court.

Mr. Jordan, who is African-American, asserts that he has been persecuted by the Defendants because of his Christian beliefs, his race, and his civil suits filed against Aurora police officers.   Plaintiff alleges that Defendant Vankam arrested him unlawfully at his townhome in May 2013 for altering/befouling the property in front of his garage unit with urine.   (ECF No. 11 at 6, 10, 23-24, 30).   Mr. Jordan was taken to jail and released

on bond. (*Id.* at 24). Plaintiff further alleges that Defendants Vankam, Cooley, Keys and Houck conspired to have him arrested unlawfully in May 2013 on the false charge of living in his garage. (*Id.* at 6, 9; *see also* ECF No. 6 at 3). Mr. Jordan was convicted of the charge of unlawfully living in his garage and served approximately one year in jail. (ECF No. 11 at 33; ECF No. 6 at 4). It is unclear whether Plaintiff was convicted of altering/befouling property. In 2015, Mr. Jordan was arrested for third degree assault upon, and false imprisonment of, at-risk adult, after he used an 80-year old woman as a human shield to try to protect himself from a neighbor who had just fractured his knee with a baseball bat. (*Id.* at 63-64, 69, 79). Plaintiff alleges that there was no probable cause for the arrest that he alleges was instigated by Defendant Vankam. The criminal charges arising out of the 2015 incident are pending trial in the Arapahoe District Court in January 2016. (*Id.* at 11, 84). Mr. Jordan claims that the Defendants have retaliated against him in violation of his First Amendment right to practice his religion, have violated his Fourth Amendment rights, and have denied him due process and the equal protection of the laws, in violation of the Fourteenth Amendment. Although he does not seek any specific relief in the Second Amended Complaint, Plaintiff asked for an award of damages in his Amended Complaint. (ECF No. 6 at 6).

**II. Legal Analysis**

    **A. Fourth Amendment Claims based on May 2013 Arrests**

Mr. Jordan appears to assert Fourth Amendment claims against the Defendants arising out of his 2013 arrests for "living in his garage" and for altering/befouling property. (ECF No. 11 at 9-10). He alleges that he was convicted of the former, but it is not clear whether he was convicted of the latter.

3

Plaintiff may not seek damages in a § 1983 action based on an alleged unlawful criminal conviction, until the criminal conviction is over-turned. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a plaintiff in a § 1983 action necessarily would imply the invalidity of the plaintiff's criminal conviction or sentence, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87.

Plaintiff does not allege any facts to show that his criminal convictions(s) were dismissed, reversed on direct appeal, or otherwise vacated. Consequently, a § 1983 false arrest or malicious prosecution claim appears to be barred by *Heck*. *See Callen v. Wyoming Dept. of Corrections*, No. 14-8057, 608 F. App'x 562, 563 (10th Cir. March 30, 2015) (unpublished) (agreeing with the district court that the plaintiff's § 1983 malicious prosecution claim was barred by *Heck*, where there was no indication that his conviction had been over-turned). Moreover, even though a false arrest claim does not necessarily imply the invalidity of a subsequent criminal conviction, *see Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 558 (10th Cir.1999), Mr. Jordan's allegations that he was innocent of the crimes brings his claim within the purview of *Heck. See Crabtree v. Oklahoma*, No. 13-5153, 564 F. App'x 402, 404-05 (10th Cir. April 25, 2014) (unpublished) (affirming dismissal of false arrest claim under *Heck*) (citing *Jackson v. Loftis,* Nos. 05-5050 and 05-5225, 189 F. App'x. 775, 779 n. 1 (10th Cir. July 25, 2006)

(unpublished) (suggesting, without holding, that a false arrest claim alleging "arrest was improper because [the prisoner] had not committed the alleged offenses . . . may be the exceptional false arrest case that satisfies the 'necessarily called into doubt' condition for invoking *Heck*").

Accordingly, the Fourth Amendment claims arising out of Plaintiff's criminal conviction(s) will be dismissed without prejudice under *Heck*. *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir.1996).

Alternatively, even if Applicant was not convicted of the charge of altering/befouling property, he cannot pursue a Fourth Amendment claim arising out of his arrest or prosecution on that charge. To maintain a false arrest or malicious prosecution claim under § 1983, a plaintiff must demonstrate that his Fourth Amendment right to be free from unreasonable search and seizure has been violated. *See Wilkins v. DeReyes*, 528 F.3d 790, 798-99 (10th Cir. 2008). In this case, the exhibits to the Second Amended Complaint reflect that Defendant Vankam had probable cause to arrest Plaintiff for altering/befouling property. (ECF No. 11 at 23-24). Further, Plaintiff does not allege that the charge was ultimately terminated in his favor, a necessary element of a § 1983 malicious prosecution claim. *See Wilkins*, 528 F.3d at 799. Therefore, to the extent the Fourth Amendment claim is not barred by Heck, it will be dismissed for failure to state an arguable claim for relief.

### B. Fourth Amendment Claims Based on 2015 Arrest

Mr. Jordan also complains that Defendant Vankam caused him to be arrested falsely in 2015 for third-degree assault and false imprisonment. An exhibit to the Second

Amended Complaint indicates that a three-day trial in the Arapahoe County District Court is set for January 2016. (ECF No. 11 at 84).

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate under *Younger* if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889. The abstention principles of *Younger* are jurisdictional and apply whether the plaintiff seeks equitable or monetary relief. *See D.L. v. Unified School Distr. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir.1981).

The first condition for *Younger* abstention is met because the state court criminal proceeding is ongoing. The second condition also is satisfied because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). Under the third condition, Mr. Jordan will have an opportunity to challenge the legality of his arrest under the Fourth Amendment during the state criminal proceedings and there is no reason to believe his claim will not be given full and proper consideration by the state courts. *See Kugler v. Helfant*, 421 U.S. 117, 125 (1975) (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal

constitutional rights"). The Court finds that the requirements for abstention have been satisfied.

Mr. Jordan "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889. It is Mr. Jordan's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Mr. Jordan's allegations do not show that the criminal prosecution is frivolous; is motivated by Plaintiff's race or by unconstitutional retaliation; or that Plaintiff has been subjected to oppressive and multiple prosecutions. As such, Plaintiff has failed to overcome the presumption of abstention.

Finally, Mr. Jordan has not shown an irreparable injury stemming from the state court criminal prosecution. The fact that he will be forced to stand trial on the criminal charges does not establish great and immediate irreparable injury. *See Phelps*, 122

F.3d at 889 (The "'threat to the plaintiff's federally protected rights' is only irreparable if it 'cannot be eliminated by . . . defense against a single prosecution.'") (quoting *Younger,* 401 U.S. at 46).

Generally, where *Younger* abstention is appropriate, a plaintiff's § 1983 claims for damages will be stayed pending resolution of the state criminal proceeding. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (a district court finding that *Younger* abstention is required should stay claims for monetary relief that cannot be redressed in the state proceeding); *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

In this case, however, the Court declines to stay the § 1983 Fourth Amendment claim against Defendant Vankam arising out of Plaintiff's 2015 arrest and prosecution because Mr. Jordan has failed to state an arguable constitutional claim. In *Deakins*, the Supreme Court determined that a stay of the damages claims was appropriate because there was "no question that [the complaint] alleged injuries under federal law sufficient to justify the District Court's retention of jurisdiction." 484 U.S. at 204. The Fifth Circuit Court of Appeals has interpreted *Deakins* "to require the district court to make, if appropriate, the threshold determination whether the action is frivolous under § 1915(d)." *Marts v. Hines*, 68 F.3d 134, 135 (5th Cir. 1995); *see also Cassell v. Osborn,* Nos. 93-1557, 93-1607, 93-2079, 1994 WL 159424 (1st Cir. April 26, 1994) (unpublished) ("The preference expressed in *Deakins*, . . . for staying rather than dismissing, cognizable

federal claims that allege facts 'sufficient to justify the District Court's retention of jurisdiction,' does not come into play where the claims asserted are patently frivolous."). The Court agrees with the approach of the Fifth Circuit.

In this case, Defendant Vankam was not the arresting officer. Plaintiff's conclusory allegation that Defendant Vankam "convinced the detective to arrest me months after I had been assaulted" (ECF No. 11 at 11) is insufficient to show Defendant Vankam's personal involvement in Plaintiff's arrest. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (personal participation is an essential element in a civil rights action); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). *See also Hall,* 935 F.2d at 1110 (recognizing that a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Further, the attachments to the second amended complaint indicate that there was probable cause for Plaintiff's arrest on charges of third-party assault and false imprisonment. The statements made by Mr. Jordan and a third-party witness to the police indicate that after Plaintiff was struck in the knee cap by a baseball-bat wielding neighbor, Plaintiff grabbed onto an elderly woman, stating that he was hurt, and would not release her until the police arrived because he was afraid that the neighbor would hit him again if he let her go. (ECF No. 11 at 63-64, 69, 77-78). The elderly woman suffered pain as a result of the incident. (*Id.* at 63). The Court finds that the facts alleged by Plaintiff in the Second Amended Complaint do not alleged injuries under federal law sufficient to justify the District Court's retention of jurisdiction over a Fourth Amendment claim against Defendant Vankam. Accordingly, the claim will be dismissed for lack of subject matter jurisdiction.

### C. Other § 1983 Claims

#### 1. Liability of Defendant Hauk

To hold a private individual, such as Defendant Houck, liable under § 1983, Mr. Jordan must allege facts to show that the Defendant's conduct was "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal citations and quotation marks omitted). Further, while state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id.* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

When a plaintiff seeks to prove state action based on a conspiracy theory, "a requirement of the joint action charge . . . is that both public and private actors share a common, unconstitutional goal." *See Anaya v. Crossroads Managed Care Systems*, 195 F.3d 584, 596 (10th Cir.1999). Conclusory allegations of conspiracy are insufficient. *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir.1994) (citation and quotations omitted); *see also Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) ("Conclusory allegations

of conspiracy are insufficient to state a valid § 1983 claim.").   Mr. Jordan's conclusory allegations that Defendant Houck conspired with the Aurora police officer Defendants to deprive him of his constitutional rights are inadequate to state an arguable claim under § 1983.

Mr. Jordan was warned by Magistrate Judge Gallagher in the October 21 Order that the Amended Complaint failed to allege specific facts to show that Defendant Hauk acted jointly with one or more of the other Defendants to deprive him of his constitutional rights.   The Second Amended Complaint suffers from the same deficiencies. Furthermore, it is well established that a private individual does not act under color of state law merely by reporting an alleged crime to police officers who then take action based on the report. *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983); *see also Lane v. Johnson*, 385 F. Supp. 2d 1146, 1151 (D. Kan. 2005) (stating that "[t]he mere fact that a private party furnished information, even if false, is not sufficient to constitute joint activity with state officials to state an actionable claim under § 1983") (emphasis added). Accordingly, Plaintiff's claim(s) against Defendant Houck will be dismissed as legally frivolous.

### 2.   Municipal Liability

Mr. Jordan states that he is suing Defendants Keys, Vankam and Cooley ("City of Aurora Defendants") in their official capacities.   The official capacity claims are construed as claims asserted against the City of Aurora.   *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Mr. Jordan was warned in the October 21 Order that to hold the City of Aurora liable under § 1983, he must allege facts to show that an unconstitutional policy or custom

exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).   Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).   Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.   *See Monell*, 436 U.S. at 694.

The Second Amended Complaint does not include factual allegations sufficient to subject the City of Aurora to liability under § 1983.   Accordingly, the official capacity claims against the City of Aurora Defendants will be dismissed as legally frivolous.

### 3.  Fourteenth Amendment claims

Mr. Jordan asserts that the actions of the City of Aurora Defendants violated his substantive due process rights; and possibly, that one or more of the Defendants destroyed or defaced his property without affording him procedural due process.   He further contends that the City of Aurora Defendants discriminated against him on the basis of his race, or singled him out for unlawful discrimination under a "class of one" equal protection theory.

#### a.  due process

"The Due Process clause of the Fourteenth Amendment does not prohibit the government from depriving an individual of "life, liberty, or property"; it protects against governmental deprivations of life, liberty, or property "without due process of law." *Farthing v. City of Shawnee, Kan.,* 39 F.3d 1131, 1135 (10th Cir. 1994) (quoting U.S.

Const. amend. XIV, § 1).

To the extent Mr. Jordan asserts that the City of Aurora Defendants' conduct deprived him of a liberty interest, in violation of his substantive due process rights, the factual allegations in the Second Amended Complaint fall short of stating an arguable constitutional deprivation.   The "ultimate" standard for determining whether there has been a substantive due process violation is "whether the challenged government action shocks the conscience of federal judges." *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002) (quotations and citations omitted). It is well settled that negligence is not sufficient to shock the conscience. *Id.* at 1184.   In addition, "'a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.'" *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir.1998) (quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir.1995)).

Mr. Jordan was warned in the October 21 Order that the allegations of the Amended Complaint failed to rise to the level of conscious-shocking behavior.   The Second Amended Complaint does not cure the deficiencies in the earlier pleading. Therefore, the substantive due process claim will be dismissed as legally frivolous.

Mr. Jordan may also be asserting that one or more of the City of Aurora Defendants destroyed his property without affording him procedural due process. However, a state official's unpredictable or random and unauthorized deprivation of property does not violate the Fourteenth Amendment if the plaintiff had an adequate post-deprivation remedy, such as a state law tort claim.   *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).   Colorado law provides adequate post-deprivation remedies, such as a cause of action for

conversion or replevin. *See, e.g., City and County of Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759 (Colo. 1992) (holding that replevin claim based on allegation that personally property was wrongfully detained by Denver police was a conversion-based tort claim); *see also* COLO.REV.STAT. § 24-10-118 (2013) (waiving sovereign immunity for public employees whose tortious conduct was wilful and wanton).

Mr. Jordan was warned in the October 21 Order that the allegations of the Amended Complaint failed to show an arguable deprivation of Mr. Jordan's procedural due process rights. The Second Amended Complaint does not cure the deficiencies in the earlier pleading. Accordingly, the procedural due process claim will be dismissed as legally frivolous.

### b. equal protection

Mr. Jordan also asserts that the City of Aurora's conduct violated the Fourteenth Amendment Equal Protection Clause.

The Equal Protection Clause requires that similarly situated individuals be treated alike. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Race is a suspect class entitled to heightened protection under the Equal Protection Clause. *See id.* at 440. However, while Mr. Jordan alleges that he is an African-American, he does not allege specific facts to show that any objectionable conduct by one or more of the City of Aurora Defendants was directed at him because of his race. Instead, Plaintiff's allegations are more properly construed as possibly asserting a "class of one" equal protection claim.

"'The paradigmatic 'class of one' case, [ ] sensibly conceived, is one in which a public official, with no conceivable basis for his action other than spite or some other

improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (quoting *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir.2005)). To state a class-of-one equal protection claim, Mr. Jordan must allege facts to show that other persons, who are "similarly situated in every material respect" were treated differently. *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1210 (10th Cir. 2006). Plaintiff must also allege facts to demonstrate that the difference in treatment was without rational basis, that is, the government action was "irrational and abusive," *id*. at 1211, and "wholly unrelated to any legitimate state activity," *Mimics, Inc. v. Vill. of Angel Fire*, 394 F.3d 836, 849 (10th Cir. 2005).

Mr. Jordan was warned in the October 21 Order that the allegations of the Amended Complaint failed to state an arguable equal protection claim. The Second Amended Complaint does not cure the deficiencies in the earlier pleading. As such, the equal protection claim will be dismissed as legally frivolous.

### 4. Unlawful Retaliation

Finally, Mr. Jordan asserts that the City of Aurora Defendants retaliated against him because of his exercise of religion and because of his prior civil rights complaints against Aurora police officers.

Mr. Jordan was warned in the October 21 Order that to state an arguable claim of unlawful retaliation by government officials in response to the exercise of Plaintiff's First Amendment right to petition the court for redress of grievances, Plaintiff must allege facts to show that (1) he was engaged in a constitutionally protected activity; (2) a defendant's action caused him to suffer an injury that would chill a person of ordinary firmness from

continuing to engage in that activity; and, (3) a defendant's action was substantially motivated as a response to his exercise of his First Amendment rights. *Van Deelen v. Johnson*, 497 F.3d 1151, 1155-56 (10th Cir. 2007) (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)).

In the Second Amended Complaint, Mr. Jordan does not allege specific facts to demonstrate that one or more of the City of Aurora Defendants were personally involved in unlawful retaliation against Mr. Jordan because of his exercise of religion, or in response to his filing of prior civil rights lawsuits. With regard to the former, Plaintiff complains about statements made by members of the homeowner's association, who are not named Defendants, and whose statements cannot be attributed to the State. (ECF No. 11 at 4). For the latter, Plaintiff relies solely on a statement made by an Officer Mark Sears, who likewise is not a named Defendant. (*Id.*). As such, the retaliation claims will be dismissed as legally frivolous.

Mr. Jordan's allegations that the Defendants' actions violated the First Amendment Establishment Clause will also be dismissed as legally frivolous for lack of any arguable factual support. *See Abdulhaseeb v. Saffle*, 65 F. App'x 667, 676 (10th Cir. Mar. 27, 2003) ("'The Establishment Clause limits any governmental effort to promote particular religious views to the detriment of those who hold other religious beliefs or no religious beliefs, while the Free Exercise Clause affirmatively requires the government not to interfere with the religious practices of its citizens.'") (quoting *Brown v. Gilmore,* 258 F.3d 265, 274 (4th Cir. 2001)).

## III.  Orders

For the reasons discussed above, it is

ORDERED that the § 1983 Fourth Amendment claims against Defendants Keys, Vankam and Cooley, arising out of one or more state criminal convictions relating to Plaintiff's use of his garage, are DISMISSED WITHOUT PREJUDICE pursuant to the rule of *Heck v. Humphrey*.   It is

FURTHER ORDERED that the § 1983 Fourth Amendment claim against Defendant Vankam arising out of the pending state criminal prosecution is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to the doctrine of *Younger* abstention.   It is

FURTHER ORDERED that the remaining § 1983 claims against Defendants Keys, Vankam and Cooley, sued in their official and individual capacities, are DISMISSED WITH PREJUDICE as legally frivolous. It is

FURTHER ORDERED that the § 1983 claims against Defendant Houck are DISMISSED WITH PREJUDICE as legally frivolous.   It is

FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over any state law claims asserted in this action.   *See* 28 U.S.C. § 1367(c)(3). It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Mr. Jordan files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED December 3, 2015, at Denver, Colorado.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court